**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY LYNN DAVIS, | No.  22-35109 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05433-BHS |
| v. | |
| DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 10, 2023
Seattle, Washington

Before:  BYBEE and FORREST, Circuit Judges, and GORDON,** District Judge.

Jerry Lynn Davis appeals the district court's order granting summary

judgment in favor of the Washington Department of Corrections (DOC) and

several of its employees.  Davis brought claims under 42 U.S.C. § 1983, the

Americans with Disabilities Act (ADA), and Washington law.  His claims arise out

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Andrew P. Gordon, United States District Judge for
the District of Nevada, sitting by designation.

of his incarceration at DOC facilities and are based on (1) sleeping on a thin

mattress and lifting heavy items in the kitchen despite a neck injury causing

chronic pain, (2) the abrupt cessation of his mental health medication, and (3) a

"rough ride" he alleges took place during his transportation back to prison after

surgery.

We review a district court's grant of summary judgment de novo and may

affirm on any ground supported by the record. *Simmons v. G. Arnett*, 47 F.4th 927,

932 (9th Cir. 2022).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm

the district court on all but two claims: (1) Davis's Eighth Amendment claim of

deliberate indifference against transport officers Jason Butz and Aaron Pollard, and

(2) his related negligence claim.

1.  The district court properly granted summary judgment on Davis's Eighth

Amendment claims against nurse Marci Newlon, psychiatrist Dr. Michael Furst,

and custody sergeant Timothy Hull.  Davis failed to introduce evidence that either

Newlon or Furst provided care that was medically unacceptable under the

circumstances or chose such care "in conscious disregard of an excessive risk to"

Davis's health. *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019).  In the

face of Davis reporting pain, Newlon repeatedly adjusted his pain medications,

reviewed outside medical records, ordered x-rays and an MRI, and consulted with

other medical providers regarding his care.  Newlon testified that she did not

believe a lifting restriction or a second mattress was necessary, and the bare facts that Davis had a neck injury and repeatedly complained about his pain are not enough to infer her indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1057–60 (9th Cir. 2004).

Similarly, Furst testified that after reviewing Davis's records, he did not believe that the abrupt cessation of Davis's amitriptyline prescription "represented an urgent situation, either medically or from a mental health perspective."  Davis argues that indifference can be inferred because Furst did not investigate a discrepancy in his medical records, but "[m]ere negligence in diagnosing or treating a medical condition" is not an Eighth Amendment violation. *Id.* at 1057 (quotation omitted).  The district court did not abuse its discretion in admitting Furst's testimony about the pharmacy screen under Federal Rule of Evidence 1004 because there is evidence that the screen as Furst saw it in February 2019 could not be produced, as it is an electronic record that can be modified over time. *See* Fed. R. Evid. 1004(b) (allowing admission of "other evidence of the content of a writing" where "an original cannot be obtained by any available judicial process").

Davis also failed to raise a genuine dispute that Hull was deliberately indifferent to his need for a new mattress.  "[A] prison administrator can be liable for deliberate indifference to a prisoner's medical needs if he knowingly fails to respond to an inmate's requests for help." *Peralta v. Dillard*, 744 F.3d 1076, 1085–

3

86 (9th Cir. 2014) (en banc) (cleaned up).  The record shows that rather than failing to respond, Hull inspected Davis's mattress, saw it did not meet the criteria for replacement, and suggested Davis turn to the medical department.  Davis claims Hull gave out new mattresses based on favoritism and ignored emails from medical staff documenting Davis's pain.  But Davis has no evidence of that favoritism, and at best the emails show Hull was aware of facts from which he could infer a risk, not that Hull subjectively drew that inference.  Because the Defendants established that Davis cannot show Newlon, Furst, or Hull acted with subjective indifference, summary judgment was proper on Davis's Eighth Amendment claims.

2.  The district court also properly granted summary judgment on Davis's First Amendment retaliation claims against Hull and Pollard.  Davis claims that Hull ignored his valid requests for a new mattress because of Davis's regular complaints.  But Davis offers no evidence that Hull failed to replace the mattress because of those complaints. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (holding that to state a First Amendment retaliation claim, a prisoner must allege protected conduct and retaliation "because of" that conduct).  Instead, the evidence shows that Davis moved to a different bunk between Hull's first and second inspection, and Hull replaced the second bunk's mattress.  This weakens Davis's argument that Hull replaced the mattress after the second inspection only

4

because Davis complained to Hull's superior.

Davis also claims Pollard retaliated against him with a rough ride when Davis asked Pollard to drive carefully, but Pollard is shielded by qualified immunity because Davis has not identified relevant caselaw showing his First Amendment right was clearly established. *See Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017).

3.  The district court properly granted summary judgment to DOC on Davis's ADA claim.  Davis does not address how DOC's conduct was deliberately indifferent under the ADA. *See Updike v. Multnomah County*, 870 F.3d 939, 950–51 (9th Cir. 2017).  The district court did not abuse its discretion in denying Davis's motion for a permanent or preliminary injunction instructing DOC to comply with the ADA because Davis has not shown irreparable injury and his ADA claim fails on the merits. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

4.  Davis asserts three claims related to his medical transport after neck surgery: (1) an Eighth Amendment deliberate indifference claim against transport officers Butz and Pollard, (2) a negligence claim against these two officers and the DOC, and (3) an outrage claim against Pollard.  Davis asserts that Butz and Pollard were deliberately indifferent because after his neck surgery, Pollard drove him back to prison aggressively, causing him pain and vomiting, and Butz failed to

intervene.  Davis presented evidence raising a genuine dispute about whether the
transport officers subjectively knew of and disregarded the risk of harm.  Butz and
Pollard were aware that Davis had neck surgery two days before transport, and
Davis was wearing a neck collar when he was released from the hospital.  Davis
asked Pollard before transport to drive carefully and avoid bumps, and he asked
Pollard during the trip to stop hitting bumps.  Butz and Pollard knew Davis
vomited at least five times during the trip and Davis was the only inmate they
transported who vomited during transport.  Davis testified Pollard was driving
recklessly by slamming the van's brakes and taking hard turns, and Butz suggested
they turn around because Davis was not ready for transport.  Butz testified that
Davis was screaming and "flailing."  That evidence, viewed in the light most
favorable to Davis, could meet his burden at trial to "demonstrate that the risk was
obvious or provide other circumstantial or direct evidence that the prison officials
were aware of the substantial risk." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726
F.3d 1062, 1078 (9th Cir. 2013).

Butz and Pollard argue they are entitled to qualified immunity, but whether
qualified immunity applies here depends on a jury's resolution of factual issues.  A
jury could find that Pollard inflicted unnecessary and wanton pain on Davis, and
Butz failed to intervene. *See Furnace v. Sullivan*, 705 F.3d 1021, 1027–28 (9th Cir.
2013); *see also Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).  We

therefore reverse the district court's grant of summary judgment on Davis's Eighth Amendment claim against Butz and Pollard.[1]

Regarding negligence, Davis argued the Defendants breached their duty of care by negligently transporting him.  The district court granted summary judgment to the Defendants because it reasoned that whether Davis's injuries were caused by Pollard's driving was a medical question necessitating expert testimony under Washington law, and Davis did not offer expert testimony.  However, taking the facts in the light most favorable to Davis, a reasonable jury unaided by expert medical testimony could conclude Pollard's driving injured Davis.  *See, e.g.*, *Orcutt v. Spokane County*, 364 P.2d 1102, 1105 (Wash. 1961) (en banc) (causation may be established by circumstantial evidence).  Davis testified he was not nauseous before boarding the van and that Pollard's reckless driving caused him so much pain that he vomited and lost control of his bowels.  Davis was released before transport in stable condition with no reported nausea or vomiting.  It is not outside a layperson's knowledge that aggressive driving could cause pain and vomiting to a passenger recovering from neck surgery.  Because Davis offered evidence from which a reasonable jury could find causation, we reverse the district court's grant of summary judgment on the negligence claim.

---

[1] Davis also brought an excessive force claim, but he did not address it on appeal and it is therefore forfeited. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Finally, we affirm the district court's grant of summary judgment against Davis's outrage claim against Pollard.  Davis presents no evidence that Pollard acted with the intent to cause, or with reckless disregard for causing, severe emotional distress. *Reid v. Pierce County*, 961 P.2d 333, 337 (Wash. 1998) (en banc).  While Davis raised a genuine issue of whether Pollard was deliberately indifferent to causing physical pain, indifference to causing physical pain is distinguishable from an intent or reckless disregard to causing non-transient severe emotional distress. *See Kloepfel v. Bokor*, 66 P.3d 630, 636 (Wash. 2003) (en banc).  Davis offers no evidence that Pollard had the requisite mental state for outrage liability.

5.  Davis also appeals several discovery-related rulings, each of which we review for abuse of discretion. *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016).  We affirm all discovery decisions.

Davis does not explain why DOC employees' personal information is relevant to his claims and he does not show any prejudice caused by the court's protective order.  The district court therefore did not abuse its discretion in issuing the protective order.  It was not an abuse of discretion to deny Davis's motion to extend discovery deadlines where the two[2] Rule 30(b)(6) witnesses were

---

[2] On appeal, Davis argues a third 30(b)(6) witness was also unprepared.  But he did not present this argument to the district court, and it is therefore forfeited.

responsive to the questions asked and appeared prepared to discuss their designated topics.  The district court did not abuse its discretion in denying Davis's motion for Rule 37(d) sanctions and his related motion to compel because DOC substantially complied with the 30(b)(6) notice and further depositions were unnecessary. Finally, the district court did not abuse its discretion in denying Davis's request for a Rule 56(d) continuance because Davis does not identify the specific facts sought nor explain why they were essential to oppose the motions for summary judgment. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018).

AFFIRMED in part, REVERSED in part, and REMANDED.

Each party shall bear its own costs.